IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME IGNASCIO ESTRADA,<br><br>    Plaintiff,<br><br>  v.<br><br>C. MALO-CLINES,<br><br>    Defendant. | No. C 10-4832 LHK (PR)<br><br>ORDER DENYING MOTION<br>FOR RECONSIDERATION<br><br><br>(Docket Nos. 12, 17) |

      Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that Pelican Bay State Prison ("PBSP") officials violated his constitutional rights. In its order of service, the Court dismissed one Defendant, denied Plaintiff's motion for preliminary injunction, and ordered the Clerk to issue a summons on the remaining Defendant. Thereafter, Plaintiff filed a motion for reconsideration of the denial of his motion for preliminary injunction.

      As an initial matter, Plaintiff noticed his motion for a hearing. No hearing will be held on this motion, or any other motion without an order from this Court because Plaintiff does not have an attorney, nor will he be able to attend any hearing to represent himself *in propria persona*, because of his incarceration.

      Where the Court's ruling has not resulted in a final judgment or order, reconsideration of the ruling may be sought under Rule 54(b) of the Federal Rules of Civil Procedure, which provides that any order which does not terminate the action is subject to revision at any time

Order Denying Motion for Reconsideration
P:\PRO-SE\SJ.LHK\CR.10\Estrada832rec.wpd

1 before the entry of judgment. *See* Fed. R. Civ. P. 54(b). "Reconsideration is appropriate if the
2 district court (1) is presented with newly discovered evidence, (2) committed clear error or the
3 initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."
4 *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

5   Plaintiff filed a motion for a preliminary injunction on October 25, 2010, the same day
6 that he filed his complaint. In the motion, Plaintiff requested the Court to order Defendant and
7 "all persons acting in concert" with him to provide Plaintiff with 10 mg of methadone and
8 gabepatin three times a day for the next ninety days to manage his pain. The Court denied the
9 motion because Plaintiff had not given notice of his motion to Defendant, and the Defendant had
10 not yet been served. Plaintiff now moves for reconsideration of that denial, arguing that he had
11 filed a proof of service along with his original complaint and motion for preliminary injunction,
12 and attaches a copy of that proof of service that he mailed to Defendant and to this Court on
13 October 13, 2010. (Mot., Ex. A.)

14   A review of the Court's file does not reveal any proof of service that Plaintiff mailed a
15 copy of the motion for preliminary injunction to Defendant. Moreover, although he attaches to
16 his motion for reconsideration a "copy" of a proof of service noting the date upon which he
17 mailed the complaint and motion for preliminary injunction to this Court, a comparison of the
18 "copy" and the document originally filed in the Court's file reveals that they are not exact
19 copies. For instance, in the submitted copy, the date upon which Plaintiff purported to serve the
20 pleading has been scratched out and re-entered, and, the date upon which Plaintiff purported to
21 sign the document is hand-written. (Mot. Ex. A.) In contrast, in the originally filed proof of
22 service, both dates are type-written, and the document contains no scratch-outs. Finally,
23 Plaintiff's motion is entitled "Ex parte motion for preliminary injunction," which necessarily
24 implies that he did not give notice to the Defendant. Because the sufficiency of written and
25 actual notice is a matter for the court's discretion, *see Diamond Crystal Brands Inc. v. Wallace*,
26 531 F. Supp. 2d 1366, 1370-71 (N.D. Ga. 2008), the Court concludes that Plaintiff did not
27 properly notify Defendant of the motion, and thus, the Court's denial was appropriate.
28   Alternatively, even assuming that Plaintiff had given notice to Defendant, the Court

would have denied it on the merits. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 376 (2008). Where the Court concludes the movant has failed to show a likelihood of success on the merits, an injunction may not issue. *Freecycle Network, Inc. v. Oey*, 505 F3d 898, 902 (9th Cir. 2007).

      Although Plaintiff's allegations state a cognizable claim for relief, Plaintiff has not shown he is likely to succeed on the merits of his claim that Defendant acted with deliberate indifference to his medical needs by failing to provide him adequate pain relief for his mild degenerative disc disease, osteoarthritis, and sciatica. In particular, while most of the documents submitted by Plaintiff are his many requests for pain medication and prescription refills, the documents authored by Defendant appear to indicate that Defendant attempted a variety of medications to treat Plaintiff's pain.[1] Defendant's medical notes report that Plaintiff repeatedly mentioned that his pain had responded most successfully with Tylenol-3, or codeine. The notes also indicate that, on April 27, 2010, and May 26, 2010, Defendant determined that Tylenol-3 was not currently necessary, and had discussed the matter with other medical professionals, who concurred with her assessment. Plaintiff also requested methadone or gabepatin because another inmate was receiving that medication for the same back problem. Although Plaintiff desires stronger pain medication, he is not entitled to medication of his choice. Moreover, the evidence submitted thus far does not tend to demonstrate that Defendant's choice of treatment was medically unacceptable under the circumstances and that Defendant chose this course in conscious disregard of an excessive risk to Plaintiff's health. *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). Because this is fatal to Plaintiff's claim, at this stage of the proceedings, Plaintiff has not shown that he is likely to succeed on the merits or that he is likely

---

[1] For example, February 18, 2010 physician's notes indicate that Plaintiff was on naproxen but Plaintiff stated it was ineffective. Defendant noted that Plaintiff had previously taken elavil, ibu, acetaminophen, salsalate, robaxin, indocin, and voltaren. Defendant ordered Plaintiff to restart salsalate at 1000 mg, and increase his tegretol. Defendant reviewed alternate pain control methods with Plaintiff to help him relieve pain.

to suffer irreparable harm without preliminary relief.

Accordingly, for the reasons stated above, Plaintiff's motion for reconsideration of the denial of his motion for a preliminary injunction is DENIED.

This order terminates docket numbers 12 and 17.

IT IS SO ORDERED.

DATED: 2/25/11

Lucy H. Koh
LUCY H. KOH
United States District Judge