IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAIME IGNASCIO ESTRADA, | ) | No. C 10-4832 LHK (PR) |
| Plaintiff, | ) ) | ORDER DENYING MOTION TO DISMISS; FURTHER SCHEDULING ORDER |
| v. | ) ) | |
| C. MALO-GLINES, | ) ) ) | |
| Defendant. | ) ) | (Docket No. 28) |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that Defendant Dr. C. Malo-Glines,[1] a Pelican Bay State Prison ("PBSP") official, violated his constitutional rights. Defendant has filed a motion to dismiss for failure to state a claim. Plaintiff has filed an opposition, and Defendant has filed a reply. For the reasons stated below, Defendant's motion is DENIED.

**BACKGROUND**

In his complaint, Plaintiff states that he has been diagnosed with degenerative disc disease. He states that he has complained about his excruciating pain to Defendant, and has consistently complained that the pain medication prescribed by Defendant – tylenol – is ineffective. Plaintiff repeatedly requested both codeine and methadone as alternative pain medications, as well as a referral to a specialist, but was denied. Plaintiff also intimates that Defendant rejected his request for a chrono accommodation for a bottom bunk. Plaintiff alleges

---

[1] Defendant notes that she was erroneously sued as "C. Malo-Clines." The Clerk is therefore instructed to correct Defendant's name to "C. Malo-Glines."

Order Denying Motion to Dismiss; Further Scheduling Order
P:\pro-se\sj.lhk\cr.10\Estrada832mtd12b6

that Defendant has demonstrated deliberate indifference to his serious medical needs.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering whether the complaint is sufficient to state a claim, the Court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). However, the Court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.* (*In re Gilead Scis. Sec. Litig.*), 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. The Court "must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and must construe pro se pleadings liberally, *Hebbe v. Pliler*, 611 F.3d 1202, 1205 (9th Cir. 2010).

In ruling on a Rule 12(b)(6) motion, the Court may not consider any material outside the complaint but may consider exhibits attached thereto. *See Arpin v. Santa Clara Valley Transportation Agency*, 261 F.3d 912, 925 (9th Cir. 2001); Fed. R. Civ. P. 10(c) (treating exhibits attached to complaint as part of complaint for purposes of ruling on 12(b)(6) motion). The Court may, however, take judicial notice of matters of public record outside the pleadings. *See MGIC Indemn. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). Federal courts are particularly liberal in construing allegations made in pro se civil rights complaints. *See Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). Further, the Court must give a pro se litigant leave to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

## DISCUSSION

Defendant moves to dismiss the complaint for failure to state a claim. Specifically, Defendant argues that, at most, Plaintiff has merely alleged a difference of opinion as to the proper medical treatment, or a claim of negligence. Neither a difference of opinion nor negligence are sufficient to state a claim of deliberate indifference.

Defendant's motion seeks to have the Court revisit a decision already made, as the Court had decided that the complaint did state a claim upon which relief may be granted. On December 27, 2010, the Court performed an initial screening of the complaint under 28 U.S.C. § 1915A, which requires the Court to dismiss, among other things, any claims that "fail to state a claim upon which relief may be granted." The Court determined that, liberally construed, the allegations of the complaint adequately pleaded a cognizable Eighth Amendment claim.

To seek reconsideration of an interlocutory order, such as the previous order's determination that the complaint stated a claim upon which relief may be granted, Defendant had to comply with Local Rule 7-9(a). She did not. She did not obtain leave of Court to file a motion for reconsideration, and made no argument in her brief that would suggest that she could pass the test for such permission. That is, she did not show: (1) that at the time of the motion for leave, a material difference in fact or law existed from that which was presented to the Court before entry of the order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the order; (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts which were presented to the Court before such interlocutory order. *See* N.D. Cal. Civil L.R. 7-9(b). Even without the special requirements for motions to reconsider, Defendant has the problem that a pleading challenge following a Section 1915A screening of a prisoner complaint rarely will be successful, especially in light of the requirement that pro se complaints be liberally construed. *See Hebbe*, 627 F.3d at 342 (even after Supreme Court cases heightened the standards for pleading, the Court's obligation "remains, 'where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any

1 doubt.'").

2   Although the Rule 12(b)(6) motion to dismiss improperly requests reconsideration of an earlier order, the Court also finds none of the arguments therein persuasive on the merits.

4   Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *McGuckin*, 974 F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* (citing *Estelle*, 429 U.S. at 104). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 835, 837 (1994).

15   Defendant argues that documents submitted in Plaintiff's unopposed request for judicial notice (docket no. 18) support her argument that Plaintiff has failed to state a claim. The request for judicial notice includes pleadings from a concurrent state lawsuit in which Plaintiff is suing the Receiver. (Req. for Judicial Notice.) However, "as a general rule, a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it." *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983). Accordingly, consideration of statements asserted in those pleadings, two of which are pleadings drafted on behalf of the Receiver, or by the Receiver's attorney, would be inappropriate at this stage in the litigation. Plaintiff's request for judicial notice is DENIED.

25   Taking Plaintiff's allegations as true as the Court required to do, Plaintiff claims that Defendant knew that Plaintiff was experiencing severe pain, and knew that the tylenol failed to relieve any of Plaintiff's pain. Despite this knowledge, Defendant not only continued to prescribe it, but she also failed to consider any alternative pain medication. Finally, Plaintiff

claims that Defendant failed to consider Plaintiff's request for a bottom bunk chrono. Certainly, liberally construing Plaintiff's complaint, an inference can be made that Defendant was aware of Plaintiff's serious medical need yet purposely failed to act.

Defendant's motion to dismiss is DENIED.

## CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1. Defendant's motion to dismiss is DENIED.

2. No later than **ninety (90) days** from the date of this order, Defendant shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint.

    a. If Defendant elects to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

    b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendant is of the opinion that this case cannot be resolved by summary judgment, she shall so inform the Court prior to the date the summary judgment motion is due.**

3. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **thirty (30) days** from the date Defendant's motion is filed.

    a. In the event Defendant files an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[2]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your

---

[2] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Wyatt v. Terhune*, 315 F.3d at 1120 n.14.

Order Denying Motion to Dismiss; Further Scheduling Order
P:\pro-se\sj.lhk\cr.10\Estrada832mtd12b6    5

administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

      b.    In the event Defendant files a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendant's motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

    4.    Defendant <u>shall</u> file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

    5.    The motion shall be deemed submitted as of the date the reply brief is due. No

1  hearing will be held on the motion unless the Court so orders at a later date.

2        6.     All communications by the Plaintiff with the Court must be served on
3  Defendant's counsel, by mailing a true copy of the document to Defendant's counsel.

4        7.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
5  No further Court order is required before the parties may conduct discovery.

6        8.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
7  and all parties informed of any change of address and must comply with the Court's orders in a
8  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
9  pursuant to Federal Rule of Civil Procedure 41(b).

10      IT IS SO ORDERED.

11  DATED: 10/17/11

12                                   LUCY H. KOH
                                 United States District Judge