1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10

11

12

13

14

| JAIME IGNASCIO ESTRADA, | ) | No. C 10-4832 LHK (PR) |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION TO DISMISS; FURTHER |
| | ) | SCHEDULING ORDER |
| v. | ) | |
| | ) | |
| C. MALO-GLINES, | ) | |
| | ) | |
| Defendant. | ) | (Docket No. 28) |
| | ) | |

15     Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42

16  U.S.C. § 1983 alleging that Defendant Dr. C. Malo-Glines,[1] a Pelican Bay State Prison ("PBSP")

17  official, violated his constitutional rights.  Defendant has filed a motion to dismiss for failure to

18  state a claim.  Plaintiff has filed an opposition, and Defendant has filed a reply.  For the reasons

19  stated below, Defendant's motion is DENIED.

20                                                **BACKGROUND**

21     In his complaint, Plaintiff states that he has been diagnosed with degenerative disc

22  disease.  He states that he has complained about his excruciating pain to Defendant, and has

23  consistently complained that the pain medication prescribed by Defendant – tylenol – is

24  ineffective.  Plaintiff repeatedly requested both codeine and methadone as alternative pain

25  medications, as well as a referral to a specialist, but was denied.  Plaintiff also intimates that

26  Defendant rejected his request for a chrono accommodation for a bottom bunk.  Plaintiff alleges

27

28         [1]  Defendant notes that she was erroneously sued as "C. Malo-Clines."  The Clerk is
therefore instructed to correct Defendant's name to "C. Malo-Glines."

Order Denying Motion to Dismiss; Further Scheduling Order
P:\pro-se\sj.lhk\cr.10\Estrada832mtd12b6

1 | that Defendant has demonstrated deliberate indifference to his serious medical needs.

2 | **LEGAL STANDARD**

3 | A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal

4 | sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering

5 | whether the complaint is sufficient to state a claim, the Court must accept as true all of the

6 | factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

7 | However, the Court need not accept as true "allegations that contradict matters properly subject

8 | to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted

9 | deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.* (*In re Gilead Scis.*

10 | *Sec. Litig.*), 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed

11 | factual allegations, it "must contain sufficient factual matter, accepted as true, to "'state a claim

12 | to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v.*

13 | *Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to

14 | draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*,

15 | 129 S.Ct. at 1949. The Court "must accept as true all of the factual allegations contained in the

16 | complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and must construe pro se pleadings

17 | liberally, *Hebbe v. Pliler*, 611 F.3d 1202, 1205 (9th Cir. 2010).

18 | In ruling on a Rule 12(b)(6) motion, the Court may not consider any material outside the

19 | complaint but may consider exhibits attached thereto. *See Arpin v. Santa Clara Valley*

20 | *Transportation Agency*, 261 F.3d 912, 925 (9th Cir. 2001); Fed. R. Civ. P. 10(c) (treating

21 | exhibits attached to complaint as part of complaint for purposes of ruling on 12(b)(6) motion).

22 | The Court may, however, take judicial notice of matters of public record outside the pleadings.

23 | *See MGIC Indemn. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). Federal courts are

24 | particularly liberal in construing allegations made in pro se civil rights complaints. *See*

25 | *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). Further, the Court must give a pro se

26 | litigant leave to amend his complaint "unless it determines that the pleading could not possibly

27 | be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)

28 | (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

1

**DISCUSSION**

2      Defendant moves to dismiss the complaint for failure to state a claim.  Specifically,

3   Defendant argues that, at most, Plaintiff has merely alleged a difference of opinion as to the

4   proper medical treatment, or a claim of negligence.  Neither a difference of opinion nor

5   negligence are sufficient to state a claim of deliberate indifference.

6      Defendant's motion seeks to have the Court revisit a decision already made, as the Court

7   had decided that the complaint did state a claim upon which relief may be granted.  On

8   December 27, 2010, the Court performed an initial screening of the complaint under 28 U.S.C. §

9   1915A, which requires the Court to dismiss, among other things, any claims that "fail to state a

10  claim upon which relief may be granted."  The Court determined that, liberally construed, the

11  allegations of the complaint adequately pleaded a cognizable Eighth Amendment claim.

12      To seek reconsideration of an interlocutory order, such as the previous order's

13  determination that the complaint stated a claim upon which relief may be granted, Defendant had

14  to comply with Local Rule 7-9(a).  She did not.  She did not obtain leave of Court to file a

15  motion for reconsideration, and made no argument in her brief that would suggest that she could

16  pass the test for such permission.  That is, she did not show: (1) that at the time of the motion for

17  leave, a material difference in fact or law existed from that which was presented to the Court

18  before entry of the order for which the reconsideration is sought, and that in the exercise of

19  reasonable diligence the party applying for reconsideration did not know such fact or law at the

20  time of the order;  (2) the emergence of new material facts or a change of law occurring after the

21  time of such order; or (3) a manifest failure by the Court to consider material facts which were

22  presented to the Court before such interlocutory order.  *See* N.D. Cal. Civil L.R. 7-9(b).  Even

23  without the special requirements for motions to reconsider, Defendant has the problem that a

24  pleading challenge following a Section 1915A screening of a prisoner complaint rarely will be

25  successful, especially in light of the requirement that pro se complaints be liberally construed.

26  *See Hebbe*, 627 F.3d at 342 (even after Supreme Court cases heightened the standards for

27  pleading, the Court's obligation "remains, 'where the petitioner is pro se, particularly in civil

28  rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any

Order Denying Motion to Dismiss; Further Scheduling Order
P:\pro-se\sj.lhk\cr.10\Estrada832mtd12b6          3

1    doubt.'").

2          Although the Rule 12(b)(6) motion to dismiss improperly requests reconsideration of an

3    earlier order, the Court also finds none of the arguments therein persuasive on the merits.

4          Deliberate indifference to serious medical needs violates the Eighth Amendment's

5    proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976);

6    *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX*

7    *Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A determination of

8    "deliberate indifference" involves an examination of two elements: the seriousness of the

9    prisoner's medical need and the nature of the defendant's response to that need. *McGuckin*, 974

10   F.2d at 1059.  A "serious" medical need exists if the failure to treat a prisoner's condition could

11   result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* (citing

12   *Estelle*, 429 U.S. at 104).  A prison official is deliberately indifferent if he knows that a prisoner

13   faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps

14   to abate it. *Farmer v. Brennan*, 511 U.S. 835, 837 (1994).

15         Defendant argues that documents submitted in Plaintiff's unopposed request for judicial

16   notice (docket no. 18) support her argument that Plaintiff has failed to state a claim.  The request

17   for judicial notice includes pleadings from a concurrent state lawsuit in which Plaintiff is suing

18   the Receiver.  (Req. for Judicial Notice.)   However, "as a general rule, a court may not take

19   judicial notice of proceedings or records in another cause so as to supply, without formal

20   introduction of evidence, facts essential to support a contention in a cause then before it." *M/V*

21   *Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983).

22   Accordingly, consideration of statements asserted in those pleadings, two of which are pleadings

23   drafted on behalf of the Receiver, or by the Receiver's attorney, would be inappropriate at this

24   stage in the litigation.  Plaintiff's request for judicial notice is DENIED.

25         Taking Plaintiff's allegations as true as the Court required to do, Plaintiff claims that

26   Defendant knew that Plaintiff was experiencing severe pain, and knew that the tylenol failed to

27   relieve any of Plaintiff's pain.  Despite this knowledge, Defendant not only continued to

28   prescribe it, but she also failed to consider any alternative pain medication.  Finally, Plaintiff

Order Denying Motion to Dismiss; Further Scheduling Order

1   claims that Defendant failed to consider Plaintiff's request for a bottom bunk chrono.  Certainly,

2   liberally construing Plaintiff's complaint, an inference can be made that Defendant was aware of

3   Plaintiff's serious medical need yet purposely failed to act.

4         Defendant's motion to dismiss is DENIED.

5                                    **CONCLUSION**

6         For the foregoing reasons, the court hereby orders as follows:

7         1.      Defendant's motion to dismiss is DENIED.

8         2.      No later than **ninety (90) days** from the date of this order, Defendant shall file a

9   motion for summary judgment or other dispositive motion with respect to the cognizable claims

10  in the complaint.

11              a.      If Defendant elects to file a motion to dismiss on the grounds that Plaintiff

12  failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),

13  defendant <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315

14  F.3d 1108, 1119-20 (9th Cir. 2003).

15              b.      Any motion for summary judgment shall be supported by adequate factual

16  documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil

17  Procedure.  **Defendant is advised that summary judgment cannot be granted, nor qualified**

18  **immunity found, if material facts are in dispute.  If Defendant is of the opinion that this**

19  **case cannot be resolved by summary judgment, she shall so inform the Court prior to the**

20  **date the summary judgment motion is due.**

21        3.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and

22  served on Defendant no later than **thirty (30) days** from the date Defendant's motion is filed.

23              a.      In the event Defendant files an unenumerated motion to dismiss under

24  Rule 12(b), Plaintiff is hereby cautioned as follows:[2]

25              The defendants have made a motion to dismiss pursuant to Rule 12(b) of
            the Federal Rules of Civil Procedure, on the ground you have not exhausted your
26

27        [2] The following notice is adapted from the summary judgment notice to be given to pro se

28  prisoners as set forth in *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See*
    *Wyatt v. Terhune*, 315 F.3d at 1120 n.14.

1  administrative remedies.  The motion will, if granted, result in the dismissal of
   your case.  When a party you are suing makes a motion to dismiss for failure to
2  exhaust, and that motion is properly supported by declarations (or other sworn
   testimony) and/or documents, you may not simply rely on what your complaint
3  says.  Instead, you must set out specific facts in declarations, depositions, answers
   to interrogatories, or documents, that contradict the facts shown in the defendant's
4  declarations and documents and show that you have in fact exhausted your
   claims.  If you do not submit your own evidence in opposition, the motion to
5  dismiss, if appropriate, may be granted and the case dismissed.

6          b.      In the event Defendant files a motion for summary judgment, the

7  Ninth Circuit has held that the following notice should be given to plaintiffs:

8          The defendants have made a motion for summary  judgment by which
   they seek to have your case dismissed.  A motion for summary judgment under
9  Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

10         Rule 56 tells you what you must do in order to oppose a motion for
   summary judgment.  Generally, summary judgment must be granted when there is
11 no genuine issue of material fact--that is,  if there is no real dispute about any fact
   that would affect the result of your case, the party who asked for summary
12 judgment is entitled to judgment as a matter of law, which will end your case.
   When a party you are suing makes a motion for summary judgment that is
13 properly supported by declarations (or other sworn testimony), you cannot simply
   rely on what your complaint says.  Instead, you must set out specific facts in
14 declarations, depositions, answers to interrogatories, or authenticated documents,
   as provided in Rule 56(e), that contradict the facts shown in the defendants'
15 declarations and documents and show that there is a genuine issue of material fact
   for trial.  If you do not submit your own evidence in opposition, summary
16 judgment, if appropriate, may be entered against you.  If summary judgment is
   granted in favor of defendants, your case will be dismissed and there will be no
17 trial.

18 *See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read

19 Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317

20 (1986) (holding party opposing summary judgment must come forward with evidence showing

21 triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that

22 failure to file an opposition to Defendant's motion for summary judgment may be deemed to be a

23 consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff

24 without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v.*

25 *Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

26    4.      Defendant <u>shall</u> file a reply brief no later than **fifteen (15) days** after Plaintiff's

27 opposition is filed.

28    5.      The motion shall be deemed submitted as of the date the reply brief is due.  No

Order Denying Motion to Dismiss; Further Scheduling Order
P:\pro-se\sj.lhk\cr.10\Estrada832mtd12b6              6

1    hearing will be held on the motion unless the Court so orders at a later date.

2         6.       All communications by the Plaintiff with the Court must be served on

3    Defendant's counsel, by mailing a true copy of the document to Defendant's counsel.

4         7.       Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

5    No further Court order is required before the parties may conduct discovery.

6         8.       It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

7    and all parties informed of any change of address and must comply with the Court's orders in a

8    timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

9    pursuant to Federal Rule of Civil Procedure 41(b).

10        IT IS SO ORDERED.

11   DATED:  10/17/11

12                                                LUCY H. KOH
                                                  United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Denying Motion to Dismiss; Further Scheduling Order
N:\work\temp work\Estrada832mtd12b6.wpd          7